Todd Jerome SLATON, Appellant,

v.

Lisa Renee SLATON, Appellee.

No. 14–96–01422–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1999.

Frank A. Hale, Jeffrey G. Heintschel, Pasadena, for appellant.

Walter P. Mahoney, Jr., Pasadena, for appellee.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and FOWLER.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal from a dissolution of marriage. In three points of error, appellant, Todd Slaton, challenges the trial court's division of the marital estate. Specifically, appellant alleges the trial court erred in finding that funds from a personal injury settlement agreement were appellee's separate property. We affirm.

Todd and Lisa Slaton were married in December 1985. During the marriage, Lisa had surgery to increase her chances of conceiving a child. During the procedure, a sponge was left in her abdomen which ultimately caused her fallopian tubes to collapse. After the sponge was removed, doctors told Lisa she had lost her ability to ever conceive a child.

The Slatons subsequently filed a lawsuit against the doctor and the hospital for negligence and malpractice. Lisa alleged damages for physical impairment, pain and suffering, mental anguish, lost earning capacity, and past and future medical expenses. Todd alleged damages for mental anguish, depres-

sion, and loss of consortium. The parties settled the case for $750,000, and the Slatons signed a full and final release. The release did not specify how the damages were to be apportioned. After paying $300,000 in attorney's fees, the Slatons received a lump sum of $450,000.

In 1995, the couple filed for divorce and agreed to waive a jury. After a two-day trial, the court made the following findings regarding the personal injury settlement:

The Court finds sufficient evidence to justify a disproportionate division of the parties' community estate.

The Court finds that the $450,000.00 personal injury settlement includes both community property and separate property. The Court finds that the parties have stipulated to medical expenses in the amount of $26,260.00 and lost wages in the amount of $7,800.00 The Court finds sufficient evidence that the personal injury settlement includes these issues and such are community property. Therefore, IT IS ORDERED AND DECREED that $34,060.00 of the personal injury settlement is community property.

The Court finds by clear and convincing evidence, presented by Petitioner, the entire balance thereof, $415,940.00, is the separate property of Lisa Renee Slaton. The Court finds the Petitioner, Lisa Renee Slaton, proved by clear and convincing evidence that she suffered physical injuries, disfigurement, pain and suffering and mental anguish. The Court further finds that Todd Jerome Slaton, Respondent, failed to establish by clear and convincing evidence that he suffered mental anguish, depression, and loss of consortium. IT IS THEREFORE ORDERED AND DECREED that $415,940.00, the remaining balance of the personal injury settlement, is the sole and separate property of Petitioner, Lisa Renee Slaton and that Respondent, Todd Jerome Slaton, is divested of all right, title, interest, and claim in and to such property.

■ In appellant's first point of error, he contends the trial court abused its discretion in characterizing proceeds from the settlement as appellee's separate property. He claims appellee failed to overcome the presumption that the funds are community property.

■ Property possessed by either spouse during or on dissolution of marriage is presumed to be community property, and the party challenging the presumption must trace and demonstrate by clear and convincing evidence that the property is separate. *See* TEX. FAM.CODE ANN. § 5.02, *repealed by* Acts 1997, 75 th Leg., Ch. 7, § 3, 1997 TEX. GEN. LAWS 43 (current version at TEX. FAM. CODE ANN. § 3.003 (Vernon 1998)). Clear and convincing evidence is the degree of proof that will produce in the mind of the trier of fact a firm belief or conviction about the allegations sought to be established. *See* TEX. FAM.CODE ANN. § 101.007 (Vernon 1996). Tracing involves establishing the origin of the property through evidence showing how the spouse claiming the asset as separate property obtained possession of the property. *See Hilliard v. Hilliard,* 725 S.W.2d 722, 723 (Tex.App.—Dallas 1985, no writ). In reviewing the division of marital property, we note the trial court exercises wide discretion in dividing the estate of the parties. *See Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985). However, only community property is subject to division; the trial court cannot divest a spouse of their separate property. *See id.*

■ Section 5.01 of the Family Code provides in relevant part:

A spouse's separate property consists of:

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or descent; and

(3) *the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.*

TEX. FAM.CODE ANN. § 5.01, *repealed by* Acts 1997, 75 th Leg., Ch. 7, § 3, 1997 TEX. GEN. LAWS 43 (current version at TEX. FAM.CODE ANN. § 3.001 (Vernon 1998)) (emphasis added). Therefore, not all personal injury damages are separate property. *See Graham v.*

*Franco,* 488 S.W.2d 390, 396 (Tex.1972). For example, damages for lost wages, lost earning capacity, and medical expenses are properly recoverable by the community estate. *See id.* In this case, since the settlement agreement did not allocate amounts for physical injury, mental anguish, loss of earnings, or medical expenses, some of which may be separate property and some of which may be community property, it was the burden of the spouse claiming the funds as separate property to so demonstrate. *See Kyles v. Kyles,* 832 S.W.2d 194, 198 (Tex.App.—Beaumont 1992, no writ) (citing *Moreno v. Alejandro,* 775 S.W.2d 735, 738 (Tex.App.—San Antonio 1989, writ denied)).

At trial, Lisa testified that she had to undergo surgery to remove the sponge left in her abdomen. During this surgery, doctors removed six to seven inches of her lower intestines and she received a six inch scar. Since then, she has had two additional surgeries and has seen a therapist for depression. She further testified that she suffered tremendous pain from her physical injuries. The couple's personal injury lawyer also testified. Although she testified it would be impossible to break down the settlement funds without waiving the attorney-client privilege, she stated that, in her opinion, no amount of money could compensate Lisa for losing the ability to conceive children. Medical records indicating Lisa may need additional surgery were also admitted into evidence.

As previously noted, Todd was also a party to the personal injury suit. He claimed damages for mental anguish, depression, and loss of consortium. During trial on this case, he was called as an adverse witness and stated that he suffered mental anguish as a result of Lisa's injury. There was no evidence that he suffered a physical injury or had any monetary loss, except Lisa's lost wages and medical bills.[1]

■ After reviewing this evidence, we find the court did not abuse its discretion in finding Lisa proved by clear and convincing evidence that she suffered physical injuries,

disfigurement, pain and suffering, and mental anguish. Accordingly, any amount awarded for these injuries would be properly classified as her separate property. Further, we find there was insufficient evidence that Todd suffered mental anguish, depression, or loss of consortium. A self-serving statement that he suffered mental anguish and depression would not provide the clear and convincing evidence needed to establish a spouse's separate property. *See Kyles,* 832 S.W.2d at 199 (self-serving statement does not overcome community presumption to prove separate property). Furthermore, loss of spousal consortium would be the loss of affection, solace, comfort, companionship, society, assistance, and sexual relations caused by the harm of a third party to another's spouse. *See Whittlesey v. Miller,* 572 S.W.2d 665, 666–67 (Tex.1978). Todd failed to present any evidence that he suffered such losses as a result of the injuries to Lisa. Therefore, we find the evidence introduced at trial supports the trial court's determination that the remainder of the settlement proceeds, after deducting the stipulated medical expenses and lost wages, were Lisa's separate property. Appellant's first point of error is overruled.

■ In his second point of error, Todd contends that because property possessed by either spouse during or on dissolution of marriage is presumed to be community property, he was not required to put on evidence that the settlement funds were his separate property. Further, he claims the judge should have concluded, based upon the pleadings, release and settlement draft from the personal injury case, that the funds were community property.

The trial court properly began with the presumption that the settlement award was community property because the funds were commingled and both spouses had claimed separate injuries in the personal injury suit. It, therefore, required the couple to prove what part of the settlement was their separate property. Todd, however, failed to prove any damages which could be character-

1. The parties stipulated that appellee's medical bills totaled $26,480.00 and her lost wages were

$7,800.00.

ized as his separate property. Conversely, as we have already determined, Lisa brought forward clear and convincing evidence that the remainder of the settlement after reimbursement to the community estate was her separate property. Thus, the community property presumption was rebutted and Todd's second point of error is overruled.

In his third point of error, Todd argues the settlement agreement was merely a contract between the plaintiffs and the defendants in the personal injury lawsuit; thus, the funds should be classified as community property. Appellant cites no authority for this argument, and as such, appellant's point presents nothing for review. *See* TEX. R.APP. P. 52(f) (currently TEX.R.APP. P 38.1(h)); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983).

Nevertheless, money received as the result of a settlement agreement for personal injuries sustained by a spouse during the marriage has been found to be separate property, minus loss of earnings and other consequential damages to the community estate. *See, e.g., Lewis v. Lewis,* 944 S.W.2d 630, 631 (Tex.1997); *Kyles,* 832 S.W.2d at 197–98; *Moreno,* 775 S.W.2d at 736. Thus, we reject appellant's contention that the settlement agreement was merely a contract that proceeds should be viewed as community property. We overrule Todd's third point of error.

The judgment of the trial court is affirmed.