COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

LUIS MUNOZ,                                                     )

                                                                              )             No.  08-01-00443-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )              
383rd District Court

PATRICIA MUNOZ,                                           )

                                                                              )         
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 99CM5942)

                                                                              )

 

MEMORANDUM  OPINION

 

Appellant Luis
Munoz appeals the property division in his divorce from Appellee
Patricia Munoz.  On appeal, Appellant
raises two issues, in which he contends the trial court erred in
mischaracterizing certain property as Appellee=s separate property and abused its
discretion in concluding that the property division was just and right,
irrespective of the characterization of any item of property as either
community or separate.  We affirm.

BACKGROUND








Luis and Patricia
Munoz were married on August 8, 1981. 
There are two minor children from the marriage.  Appellee filed for
divorce on September 8, 1999, and Appellant filed a counter-petition.  Following a jury trial on the issue of
primary custody of the children, the trial court conducted a bench trial in
March 2001 to determine the remaining issues of division of property,
possession, access, and child support. 
Appellant=s issues
on appeal are limited to the trial court=s
division of property in the divorce case.

At the time of the
bench trial, Appellant was an El Paso County probation officer and earned
approximately $32,866 annually.  Appellee was currently unemployed and receiving $294 per
week in unemployment compensation, which she expected to run out in a couple
more months.  When Appellee
initially filed for divorce, she had been working at UTEP as an assistant
director of conference services and was also a real estate agent.  Prior to her termination at UTEP in August
2000, Appellee had been earning $33,000
annually.  Appellee=s real estate license expired in
November 1999, but she had previously earned $6,000 annually from real estate
commissions.  Assuming she passed the
licensing test, Appellee had a job lined up with a
real estate agency and would be paid on a commission basis.

With respect to
property division, the parties disputed the characterization of settlement
money received in 1995 from a personal injury lawsuit.  In January 1994, Appellee
was injured in an accident while she was employed with El Paso Natural Gas
Company as a conference planner.  While
conducting a site visit and inspection at the Westin Regina Hotel in Los Cabos, Mexico, Appellee was taken
on a tour of the property in a golf cart-type vehicle.  During the tour, the driver lost control of
the vehicle when the brakes failed.  Appellee tried to hang on and stay in the cart, but her leg
was being dragged on the pavement.  When
the driver hit a curb, Appellee was thrown from the
vehicle.  The cart landed on top of Appellee=s
leg.








As a result of the
accident, Appellee sustained injuries to her head,
shoulder, hip, legs, arms, and hands.  Appellee=s
ankle and calf were shredded and pavement burns on her legs were consistent
with third-degree burns.  Appellee characterized the pain she experienced as a
thousand times worse than having a baby. 
Appellee was transported to El Paso a day or
two after the accident.  Appellee stayed overnight at an El Paso hospital and then
was at home for about five days before doctors determined she needed emergency
skin graft surgery.  Appellee
was in the hospital burn unit for twelve days. 
Appellee was bedridden for about a month and a
half and received workers=
compensation benefits for about two years.

In March 1995, Appellee and Appellant filed a personal injury lawsuit
against the Westin Hotel and other defendants. 
In the original petition, the couple alleged that Appellee
suffered physical pain and anguish, lost earnings and earning capacity, medical
expenses, physical impairment, and disfigurement.  The couple also alleged damages for Appellant=s loss of consortium and services of
his wife.  The lawsuit settled in
November 1995.  The total settlement was
for $662,500.  After deducting
out-of-pocket expenses, attorney=s
fees, unpaid medical expenses, the workers=
compensation lien, and $2,000 in advances, the net amount paid to Appellee and Appellant was $439,064.12.  Both Appellee and
Appellant signed the release of their claims for the settlement monies.  The trial court took notice and Appellee=s
counsel stipulated that the proceeds were not divided between the parties.  The settlement proceeds were initially
invested with a local investor, but were subsequently transferred to a
California investment firm.  The investment
accounts were held in both parties=
names.  At the time of trial, there was
$108,145.66 remaining in the investment accounts.

In 1996, Appellee was laid off from the El Paso Natural Gas Company
after working for the company for seventeen years.  Appellee testified
that she thought her lay off was partly due to her injury because anybody who
had been hurt or was a health risk was let go. 
In 1996, Appellee started working as a real
estate agent and in August 1998 started working at UTEP.








During 1996, the
couple used a portion of the settlement proceeds to purchase a house on Desert
Ridge.  The couple purchased the home for
$120,000 and paid $60,000 for the down payment from the settlement proceeds,
which had been transferred to their joint checking account.  They owned the house for two and a half years
during which time they renovated the property, expanding the house from 1,933
square feet to 4,400 square feet.  To
renovate the house, $100,000 of the settlement proceeds were used.  When the couple owned the Desert Ridge house,
monthly mortgage payments were approximately $2,100.  From their work incomes, they deposited
approximately $4,000 a month into their checking account.  Appellee testified
that their income did not cover all their living expenses, so every month she
used settlement fund monies to cover the mortgage.  Appellant conceded that the settlement
proceeds were used to supplement monthly expenses.

In September 2000,
the couple sold the house for $340,000, but after paying outstanding liens,
including a $110,000 home improvement loan, and other
sale-related expenses, the remaining proceeds were $137,206.  The home sale proceeds were deposited into
the couple=s joint
checking account.  At the time of trial,
$104,061.07 remained in that account.

Adding the amounts
in the California investment account to the home sale proceeds in the checking
account, Appellee argued that the $212,206.73
remaining from the settlement fund was her separate property based on the
community-out-first theory or alternatively, the court should award her a
disproportionate division of the community estate.  Appellant asserted that proceeds from the
lawsuit were community property and were commingled in the community accounts.  Appellant also argued that Appellee had failed to meet her burden proving or tracing
the proceeds as her separate property.








In dividing the
property in the divorce decree, the trial court determined that the settlement
proceeds remaining in the California investment accounts and the home sale
proceeds in the checking account were Appellee=s separate property.  The trial court entered findings of fact and
conclusions of law with respect to the characterization and division of
property in this case.  Appellant now
appeals the trial court=s
division of these assets.

DISCUSSION

Characterization
of Assets

In Issue One,
Appellant contends the trial court erred in characterizing the accounts holding
the proceeds from the sale of the family home and the remaining balance of the
lawsuit settlement as Appellee=s
separate property.  Specifically,
Appellant argues there was no evidence which would allow the trial court to determine
which portion of the settlement funds represented compensation for which
category of damages alleged in the personal injury suit.  Within Issue One, Appellant also asserts that
this mischaracterization was harmful error because it made a substantial
difference in the overall division of the property, which constitutes an abuse
of discretion by the trial court.

In Issue Two,
Appellant argues that if this Court concludes that the trial court=s holdings preclude finding harmful
error, then the trial court abused its discretion by its finding that even if
the settlement fund was determined to be community property, a disproportionate
division should be awarded to Appellee as a just and
right division of the community estate and by the court=s
conclusion that the property division is just and right irrespective of the
characterization of any item of property as either community or separate.  Since Appellant=s
Issues One and Two are related, we will address them together.

 








Community
Property Presumption

Property possessed
by either spouse during or on dissolution of marriage is presumed to be
community property.  Tex.Fam.Code Ann. '
3.003(a)(Vernon 1998). 
A spouse claiming certain assets are separate property has the burden to
establish their separate character by clear and convincing evidence.  See Tex.Fam.Code Ann. '
3.003(b).  A spouse=s separate property consists of
property owned or claimed before marriage, acquired during marriage by gift,
devise, or descent, or recovery for personal injuries sustained by the spouse
during marriage, except any recovery for loss of earning capacity during
marriage.  See Tex.Fam.Code Ann. '
3.001.  Community property consists of
the property, other than separate property, acquired by either spouse during
marriage.  Tex.Fam.Code Ann. '
3.002.

Standards
of Review








In an appeal from
a bench trial, we apply the same sufficiency standards when reviewing the trial
court=s
findings of fact as we do when reviewing the evidence supporting the jury=s answers to special issues.  See Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994); In re Marriage of Becerra, 100 S.W.3d
637, 640 (Tex.App.--Texarkana 2003, no pet.).  When the party without the burden of proof
suffers an unfavorable finding, the challenge on appeal is one of Ano evidence to support the finding.@ 
Tate v. Tate, 55 S.W.3d 1, 4 (Tex.App.--El Paso 2000, no pet.).  In conducting a legal sufficiency review
under the Aclear and
convincing@
standard, the reviewing court examines all the evidence in the light most
favorable to the finding to determine whether a reasonable trier
of fact could have formed a firm belief or conviction that its finding was
true.  In re J.F.C., 96 S.W.3d
256, 266 (Tex. 2002); see also Tex.Fam.Code Ann. ' 101.007
(Vernon 2002).  The reviewing court must
assume that the fact finder resolved disputed facts in favor of its finding if
a reasonable fact finder could do so.  In re J.F.C., 96 S.W.3d at 266.  The court, however, does not disregard all
evidence that does not support the finding. 
Id.  Rather, it disregards
all evidence that a reasonable fact finder could have disbelieved or found to
have been incredible.  Id.  In reviewing a factual sufficiency challenge
under the clear and convincing standard, we must determine whether the evidence
is such that a fact finder could reasonable form a firm belief or conviction
about the matter in question.  In re C.H., 89 S.W.3d 17, 25-6 (Tex.  2002).

Most of the appealable issues in a family law case are evaluated
against an abuse of discretion standard, including the issue of property
division incident to divorce.  See
Tate, 55 S.W.3d at 5-6.  Where an appellant challenges the sufficiency
of evidence to support the trial court=s
characterization of a particular asset in the property division, he or she  must also
establish that the characterization error was harmful because the trial court=s overall division of property
constitutes an abuse of discretion.  See
id. at 7. 
The test for whether the trial court abused its discretion is whether
the court acted without reference to any guiding rules and principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).  Where sufficiency review overlaps the abuse
of discretion standard, we engage in a two-pronged inquiry:  (1) Did the trial court have sufficient information
upon which to exercise its discretion; and (2) Did the trial court err in its
application of discretion?  Lindsey v. Lindsey, 965 S.W.2d 589, 592 (Tex.App.--El
Paso 1998, no pet.).

Personal
Injury Settlement








In his first
issue, Appellant contends that no reasonable fact finder could form a firm
belief or conviction that the funds in the California investment account and
the sums remaining in the joint checking account, including the home sale
proceeds were Appellee=s
separate property.  Specifically,
Appellant argues that for tracing purposes, Appellee
failed to carry her burden of proving that the above assets were her separate
property because there was no evidence specifying which portion of the settlement
proceeds were for community property losses and which were separate.

To overcome the
community property presumption, the spouse claiming certain property as
separate must trace and clearly identify the property claimed to be separate by
clear and convincing evidence.  McKinley
v. McKinley, 496 S.W.2d 540, 543 (Tex. 1973); McElwee
v. McElwee, 911 S.W.2d 182, 189 (Tex.App.--Houston [1st Dist.] 1995, writ denied); see
Tex.Fam.Code Ann. '
3.003(b).  Tracing involves establishing
the separate origin of the property through evidence showing how the time and
means by which the spouse originally obtained possession of the property.  McKinley, 496 S.W.2d
at 543; Hilliard v. Hilliard, 725 S.W.2d 722, 723 (Tex.App.--Dallas
1985, no writ).  When the evidence
shows separate and community property have been so commingled as to defy
segregation and identification, the burden is not discharged and the statutory
presumption prevails.  McKinley, 496 S.W.2d at 543. 








Recovery for
personal injuries sustained by a spouse is the separate property of that
spouse, including damages for disfigurement, physical pain and suffering in the
past and in the future.  See Licata v.
Licata, 11 S.W.3d 269, 273 (Tex.App.--Houston
[14th Dist.] 1999, no pet.); Tex.Fam.Code
Ann. '
3.001.  In addition, damages for mental
pain and anguish are separate property.  Licata,
11 S.W.3d at 273. 
However, not all personal injury damages are separate property.  See Tex.Fam.Code Ann. '
3.001.  The community estate is entitled
to recovery for lost wages, lost earning capacity during the marriage, medical
expenses incurred during the marriage, and other expenses associated with injury
to the community estate.  Licata, 11 S.W.3d at 273; Slaton v. Slaton, 987
S.W.2d 180, 182-83 (Tex.App.--Houston [14th Dist.]
1999, pet. denied).  When a spouse
receives a personal injury settlement from a lawsuit during marriage, some of
which could be separate property and some of which could be community property,
it is that spouse=s burden
to demonstrate which portion of the settlement is his or her separate
property.  Licata, 11 S.W.3d at
273, citing Kyles v. Kyles, 832 S.W.2d 194, 198 (Tex.App.--Beaumont
1992, no pet.); see also Slaton, 987 S.W.2d at 183.  Without clear and convincing evidence showing
the recovery is solely for the personal injury of a particular spouse, the
spouse does not overcome the presumption that all property received during
marriage is community property.  Licata,
11 S.W.3d at 273.

In this case,
Appellant and Appellee were both plaintiffs in the
personal injury lawsuit brought against the Westin Hotel and other
defendants.  In their petition, they
alleged that Appellee suffered physical pain and
anguish, lost earnings and earning capacity, medical expenses, physical
impairment, and disfigurement.  They also
alleged damages for Appellant=s
loss of consortium and services of his wife. 
The lawsuit settled for $662,500. 
After deducting 

out-of-pocket
expenses, attorney=s fees,
unpaid medical expenses, the workers=
compensation lien, and $2,000 in advances, Appellee
and Appellant were paid $439,064.12. 
Both spouses signed the release of their claims for the settlement
monies.  At trial, the trial court took
notice and Appellee=s
counsel stipulated that the proceeds were not divided between the parties.  In her appellate brief, Appellee
concedes that the settlement agreement did not allocate the recovery between
the separate property claims and the community property claims.








On appeal,
Appellant argues that for tracing purposes there was no evidence to determine
which portion of the settlement funds represented compensation for which
category of damages.  With respect to the
couple=s alleged
lost earnings and earning capacity and medical expenses, these damages were
recoverable by the community estate.  See
Licata, 11 S.W.3d at 273.

With regard to the
personal injury settlement, the trial court found that the settlement was for
the separate nature of Appellee=s injuries, her pain and suffering, her
mental anguish and her disfigured leg. 
The trial court also found that the remaining sum of the settlement
unspent by the parties during marriage was the sole and separate property of Appellee.  However,
after reviewing the record, we find a lack of clear and convincing evidence to
rebut the presumption that some portion of the settlement
funds were attributable to Appellee=s lost earnings and lost earning
capacity which are community estate assets. 
Since Appellee did not prove what amount of
the settlement proceeds were separate or community property, a reasonable trier of fact could not have formed a firm belief or
conviction that the net recovery from the settlement was entirely Appellee=s
separate property.  See In re J.F.C.,
96 S.W.3d at 266; see also Tex.Fam.Code
Ann. '
101.007.  When some portion of a
settlement may be for lost wages or lost earning capacity, the spouse receiving
the settlement has the burden to show that none of the funds constitute payment
for lost wages or lost earning capacity during marriage.  Kyles, 832 S.W.2d at 198.  In
the absence of such evidence, the entire settlement proceeds are properly
characterized as community property.  Id. at 198-99. 
Therefore, the trial court erred in its characterization of the
settlement fund as Appellee=s
separate property.








Where the trial
court mischaracterizes community property as separate property, the appellant
must show harm by proving that because of the mischaracterization, the overall
property division constitutes an abuse of discretion.  Tate, 55 S.W.3d at 7.  The trial court has broad discretion in
making a just and right division of the community estate.  McElwee, 911 S.W.2d at 189; Tex.
Fam.Code Ann. '
7.001.  If the trial court
mischaracterizes community property as separate property, then the property is
not divided as part of the community estate. 
McElwee, 911 S.W.2d
at 189.  If the mischaracterized
property has value that would have affected the trial court=s just and right division, then that
mischaracterization is harmful, requiring remand to the trial court for a just
and right division of the property characterized as community property.  Id. 
If, on the other hand, the mischaracterized property had only a de minimis effect on the trial court=s just and right division, then the
trial court=s error
is not an abuse of discretion.  Id.

In this case, the
trial court made the following pertinent finding of fact: 

Nevertheless, even if such settlement
fund was determined to be community property, under a just and right division
of assets, I find that a disproportionate division of this so called >community or commingled= estates should be awarded to PATRICIA
MUNOZ as a just and right division of the community estate, factoring in the
needs and best interests of the children, the fact that the personal injury
claim was based primarily on the separate injuries suffered by PATRICIA MUNOZ
that significantly enhanced and added to the marital estate, the nature of the
property involved, my award of $35,000.00 from the settlement fund to LUIS
MUNOZ and my award to LUIS MUNOZ of the entire community interest in his Texas
County and District Retirement funds.

 

The trial court also made the
following conclusion of law: 

The division of the property of
Petitioner and Respondent effected by the final judgment is just and right,
having due regard for the rights of each party and the children of the
marriage, irrespective of the characterization of any item of property as either
community or separate.

 








In his second
issue, Appellant argues that if the trial court=s
holdings preclude this Court from finding that the mischaracterization was
reversible error, then these holdings constitute an abuse of discretion because
they represent the trial court=s
refusal to conform to guiding rules and principles governing division of
property.  Specifically, Appellant
contends that governing law requires a trial court to determine the character
of marital property as either separate or community property before attempting
to divide the estate.  In so arguing,
Appellant directs this Court=s
attention to Cooper v. Cooper, 513 S.W.2d 229 (Tex.Civ.App.--Houston
[1st Dist.] 1974, no writ), in which the court states, Athe
starting point in developing a case where the question of division of property
is contested is the task of establishing the nature of the property to be
divided as separate or as community.@  Cooper, 513 S.W.2d at 232; see also
Allen v. Allen, 704 S.W.2d 600, 603 (Tex.App.--Fort
Worth 1986, no writ), citing Cooper v. Cooper; Reiss v. Reiss,
40 S.W.3d 605, 615 (Tex.App.--Houston [1st Dist.]
2001), rev=d
on other grounds, 40 S.W.3d 605 (Tex. 2003), citing Cooper v.
Cooper.  Appellant contends the trial
court=s
holdings establish that it made its decision without regard to this guiding
rule and principle and instead, divided the property a certain way to achieve a
certain result, regardless of any law that might govern the property division.  We disagree with this contention.








In this case, the
trial court entered a finding in which it determined that if the settlement
fund was community property, under a just and right division of the property, Appellee should be awarded a disproportionate division of
the community estate.  The trial court
has broad discretion in the division of property incident to divorce.  See Tate, 55 S.W.3d
at 5-6.  In the exercise of this
discretion, community property need not be equally divided.  Murff v. Murff, 615 S.W.2d 696, 698-99
(Tex. 1981); Tate, 55 S.W.3d at 10.  In making a division of property, the trial
court may consider various non-exclusive factors, including a disparity of
incomes or of earning capacities, the spouses= capacities and abilities, education,
relative physical conditions, relative financial condition and obligations,
education, size of separate estates, and the nature of the property.  See Murff,
615 S.W.2d at 699; Sprick v. Sprick, 25 S.W.3d 7, 14 (Tex.App.--El
Paso 1999, no pet.).  In making its
determination, the trial court considered the following factors:  the needs and best interests of the children;
the fact that the personal injury claims was based primarily on the separate
injuries suffered by Appellee that significantly
enhanced and added to the marital estate; the nature of the property involved;
its award of $35,000 from the settlement fund to Appellant; and its award to
Appellant of the entire community interest in his Texas County and District Retirement
funds.  It is apparent that the trial
court did not merely make its decision to achieve a certain result, but rather
considered various factors in deciding to divide the community property
disproportionately in this case.

Within his first
issue, Appellant argues that awarding a disproportionate division of the
community property would be an abuse of discretion by the trial court.  We understand Appellant to be arguing that
the trial court abused its discretion in making the disputed finding discussed
above because the evidence is insufficient to support the finding.








In Appellee=s
amended original petition for divorce, she requested that she be awarded a
disproportionate share of the parties=
estate for numerous reasons, including disparity of earning power of the
spouses, needs of the children, and the nature of the property involved in the
division.  By the final divorce decree,
Appellant was awarded certain community property which included:  (1) household furnishings in his possession
valued at $23,000; (2) bank account with a minimal balance; (3) Texas County
and District retirement plan in which Appellant contributed $35,000 over
fourteen years employment; (4) deferred compensation plan valued at $5,325; (5)
three motor vehicles valued at $13,775 collectively; (6) a baby grand piano
valued at $10,000; and (7) $35,000 from Appellee=s separate property.[1]  Appellee was
awarded the following community property: 
(1) household furnishings in her possession valued at $6,000; (2) bank
account with a minimal balance; (3) savings account with a balance of $2,000;
(4) real property located at 2005 Trawood, El Paso,
Texas valued at $120,000; (5) retirement plans valued collectively at
$51,556.39; (6) a motor vehicle valued at $12,150; and (7) account receivable
for Appellee=s
sister valued at $7,000.  In its
findings, the trial court found that only $212,206.73 remained from the
settlement fund and awarded this amount to Appellee
as her separate property.  However, the
trial court also found that even if the settlement fund was community property,
a just and right division required awarding the amount to Appellee
as a disproportionate division.

At the time of
trial in March 2001, Appellee had been unemployed
since August 2000 and was receiving $294 per week in unemployment compensation,
which she expected would end in a couple more months.  Appellant was employed as a probation officer
and earned approximately $32,866 annually. 
In the final divorce decree, Appellee was
appointed primary joint managing conservator of the two minor children and
Appellant was ordered to pay child support of $544 per month and given
visitation rights.  Appellant was also
required to provide health insurance for the children, with each party to pay
one-half of all uninsured health care expenses.








In 1995, the
parties received a net recovery of $439,064.12 for settlement of the personal
injury lawsuit arising from injuries Appellee
sustained in the accident at the Westin Hotel in Los Cabos,
Mexico while employed for El Paso Natural Gas Company.  At the bench trial for the divorce, Appellee testified that she suffered extensive physical
injury to her head, shoulder, hip, legs, arms, and hands, which required an
emergency skin graft surgery, a hospital stay, a month and a half out of
work.  Appellee
described the pain she experienced as a thousand times worse than having a
baby.  Of the monies received from the
settlement only $212,206.73 remained at the time of trial in March 2001.  While Appellee was
employed, the couple deposited approximately $4,000 a month into their checking
account.  Appellee
testified that their income did not cover all their living expenses and
Appellant conceded that the settlement proceeds were used to supplement monthly
expenses.  From the evidence at the bench
trial, personal injury settlement clearly was primarily the result of injuries
suffered by Appellee and significantly enhanced and
added to the marital estate of the parties. 

After reviewing
the evidence, we find that there was a reasonable basis for awarding an unequal
division of the property in favor of Appellee.  Since the trial court had sufficient information
to exercise its discretion and did not err in exercising that discretion in
awarding a disproportionate division to Appellee, we
conclude the trial court did not abuse its discretion in concluding that the
property division was just and right. 
Issues One and Two are overruled.

For the reasons
stated above, we affirm the trial court=s
judgment.

December 19, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.











[1]
We observe with great concern, the trial court=s
award from Appellee=s
Aseparate property@ to Appellant in the division of the
marital estate.  While the trial court
has wide discretion in dividing community property in a divorce action, it
cannot divest one spouse of separate property and award it to the other spouse.  See Cameron v. Cameron, 641 S.W.2d
210, 213 (Tex. 1982); Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex. 1977); see also
Tex.Const. art. XVI, ' 15.  This award, however, has not been challenged
on appeal by either party.