Worrell v. Worrell















NUMBER 13-02-00258-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

BETTE J. WORRELL,                                                                   Appellant,

v.

ERIC DECARTNEY WORRELL,                                                    Appellee.
                                                                                                                       

On appeal from the County Court at Law Number Three
of Montgomery County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Bette J. Worrell, filed this appeal after the trial court signed a final decree
of divorce dissolving her marriage to appellee, Eric Decartney Worrell. In a single issue,
appellant contends the trial court erred by characterizing separate property as community
property and by denying her reimbursement on dissolution of the marriage. We affirm.
          At issue in this case are two social security checks received by appellant during the
marriage: the first check in the amount of $36,984.50 received in 1996 and a second
check in the amount of $8,553.60 received in 1997. Appellant contends this money was
her separate property and was used to complete the interior of the family home; thus, she
was entitled to reimbursement.
          A trial court may not divest a spouse of his or her separate property. Eggemeyer
v. Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977). If a trial court mischaracterizes property
in its division of a marital estate, the error requires reversal if the mischaracterization has
more than a de minimus effect on the court’s just and right division of the property. 
Vandiver v. Vandiver, 4 S.W.3d 300, 302 (Tex. App.–Corpus Christi 1999, pet. denied). 
          There is a statutory presumption that property possessed by a spouse at the time
of the dissolution of a marriage is community property. See Tex. Fam. Code Ann. §
3.003(a) (Vernon 1998). As a general rule, any property possessed by either spouse
during or on dissolution of marriage is presumed to be community property, and a spouse
must present clear and convincing evidence to establish that such property is separate
property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998). Clear and convincing evidence
is the degree of proof that will produce in the mind of the trier of fact a firm belief or
conviction about the allegations sought to be established. Tex. Fam. Code Ann. § 101.007
(Vernon 1998); Slaton v. Slaton, 987 S.W.2d 180, 182 (Tex. App.–Houston [14th Dist.]
1999, pet. denied). To overcome this presumption, the spouse asserting separate
ownership must clearly trace the particular assets on hand at the dissolution of the
marriage back to the original separate property. Cockerham v. Cockerham, 527 S.W.2d
162, 167 (Tex. 1975). Where separate and community property have become so
commingled that they cannot be resegregated and identified, mere proof that property was
separate property does not discharge the burden of tracing. Tarver v. Tarver, 394 S.W.2d
780, 783 (Tex. 1965).
          Assuming without deciding that the social security checks received by appellant
were separate property, we conclude that she failed to clearly trace this property to the
particular assets on hand at the dissolution of the marriage. See Cockerham, 527 S.W.2d
at 167. Appellant testified that the parties had two bank accounts: a Brown & Root
account and a Bank One account. Both appellant and her husband put money in these
accounts. Appellee’s paycheck went into the Bank One account. When asked what she
did with the two checks at issue, appellant said she “put them in the bank.” However, she
failed to specify which bank. Cancelled checks representing payment for the building and
supplies for the house construction were drawn on both accounts. The trial court found
that the funds at issue were commingled in the two accounts and appellant had not
overcome the presumption that the money was community property.
          After reviewing the entire record, we conclude the trial court did not err in finding that
appellant had not overcome the presumption that the money was community property. 
Accordingly, the trial court did not abuse its discretion in dividing the parties’ property. 
Murff v. Murff, 615 S.W.2d 696, 698 (Tex. 1981).
          The trial court’s final decree of divorce is affirmed.
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Memorandum Opinion delivered and filed this
the 19th day of August, 2004.