NO. 07-09-0286-CR, 07-09-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 30, 2009
______________________________

BRETT JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,579, 2009-422,665; HONORABLE BRAD UNDERWOOD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant, Brett Johnson, filed a notice of appeal with this Court seeking appeal of
his conviction and sentence in trial court cause numbers 2009-422,579 and 2009-422,665. 
On October 23, 2009, the clerk’s records in these two causes were filed with the Clerk of
this Court. Neither clerk’s record contains a judgment convicting appellant in the above
identified cause numbers, rather, there are orders dismissing each cause. Concluding that
we have no jurisdiction to address these appeals, we dismiss them as moot.
          A threshold question in any case is whether the court has jurisdiction over the
pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). 
A court has jurisdiction to determine whether it has jurisdiction. Roberts, 940 S.W.2d at
657; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). 
          Appellate courts are prohibited from deciding moot controversies. See Ex parte
Flores, 130 S.W.3d 100, 104-05 (Tex.App.–El Paso 2003, no pet.). This prohibition is
rooted in the separation of powers doctrine contained in the United States and Texas
Constitutions that prohibit courts from rendering advisory opinions. See Tex. Const. art.
II, § 1; Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993). 
A case is moot when (1) a party seeks a judgment to resolve a controversy, but no
controversy exists, or (2) judgment is sought on a matter which cannot have any practical
legal effect on an existing controversy. Texas Health Care Info. Council v. Seton Health
Plan, Inc., 94 S.W.3d 841, 846-47 (Tex.App.–Austin 2002, pet. denied). Because
appellant seeks relief from a conviction and a sentence that was never rendered, no
controversy exists in these appeals. Further, our proceeding with the appeals and
rendering opinions and judgments would have no practical legal effect on any existing
controversy. Thus, we conclude that the appeals have become moot and dismiss them
for want of jurisdiction. See Cabrera v. State, No. 01-02-00513-CR, 2002 Tex.App. LEXIS
5604, at *1 (Tex.App.–Houston [1st Dist.] August 1, 2002, no pet.) (memo. op.).
          Accordingly, these appeals are dismissed as moot.
                                                                           Mackey K. Hancock

                                                                                    Justice

Do not publish.



umption of community property
applies to a potential recovery for personal injuries. Osborn, though, dealt with a potential
recovery. Id. at 414. At the time of the Osborn parties' divorce, their personal injury
lawsuit had not been tried or settled. Id. at 413. En route to its holding that the trial court
erred by treating the entirety of the claims asserted in their personal injury suit as
community property, the court noted that the husband Lon Osborn's potential recovery for
his personal injuries was his separate property under both the Family Code and case law
(citing Graham v. Franco, 488 S.W.2d at 396), noted that other potential recoveries
(medical expenses, e.g.) in the parties' suit would constitute community property and finally
noted that Sara Osborn's claim for damages for loss of consortium was her separate 
property. Id. at 414. The court further observed that until the case was tried or settled, the
parties' estimates of the dollar amounts or percentages of the recovery attributable to the
various claims would be entirely speculative. Id. at 415. It concluded, "Once the case is
tried, the jury's answers will determine the amounts to be awarded for each type of injury. 
If the case is settled, Sara, as one of the plaintiffs, can participate in the allocation of
damages to the different claims for damages." Id. 

 Osborn is not inconsistent with other case law establishing that a spouse who claims
property as separate under section 3.001(3) bears the burden to establish its separate
character in the same manner as that claimed as separate under sections 3.001(1) or (2). 
See Cottone v. Cottone, 122 S.W.3d 211, 213 (Tex.App.--Houston [1st Dist.] 2003, no
pet.); Licata, 11 S.W.3d at 272; Slaton v. Slaton, 987 S.W.2d 180, 183 (Tex.App.-Houston
[14th Dist.] 1999, pet. denied); Kyles v. Kyles, 832 S.W.2d 194, 199 (Tex.App.-Beaumont
1992, no writ) (all applying presumption of community property to personal injury
recoveries). Unlike the potential recovery in Osborn, we deal here with an asset acquired
during marriage from the settlement of a lawsuit in which both Robert's separate property
claims and community property claims were asserted and settled. The trial court here
properly placed on Robert the burden to show that the annuity he claimed as separate
property was obtained as a result of his personal injuries and was not compensation for
lost earning capacity during marriage or medical expenses. We overrule Robert's second
issue.

 In his first issue, Robert argues the trial court erred in characterizing the annuity
resulting from the settlement agreement as community property. Courts are barred by our
state constitution from divesting a spouse of separate property when dividing their property
on divorce. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139-42 (Tex. 1977). 

 Courts have recognized more than one method by which a party can trace and
identify the amounts of a personal injury recovery belonging to the community and
separate estates. See Dale Joseph Gilsinger, Annotation, Spouse's Cause of Action for
Negligent Personal Injury, or Proceeds Therefrom as Separate or Community Property, 80
A.L.R.5th 533 (2000). If the recovery is obtained through a settlement and the settlement
agreement allocates amounts to specific elements of damages, those allocations may be
sufficient to overcome the community property presumption. Licata, 11 S.W.3d at 274.
The same rationale is applicable to allocations established by jury answers or findings of
fact supporting a judgment. See Osborn, 961 S.W.2d at 415. The parties in a divorce
proceeding can also stipulate the amounts of a personal injury settlement attributable to
various elements of damages. See Slaton, 987 S.W.2d at 183 n.1. In Slaton the parties
stipulated what portions of a personal injury settlement were recovery for damages to the
community estate. The spouses then presented evidence of their individual damages
resulting from the personal injury to determine the recovery belonging to their separate
estates. Id. 

 It is clear that the annuity in dispute here was issued as recovery for Robert's
personal injuries. The parties here also agree the settlement included recovery for loss of
earning capacity and medical expenses. Robert does not contend that language in the
settlement documents addresses the allocation of the settlement among the damage
claims he asserted. Nonetheless, pointing to the presumption that community funds are
withdrawn first from a commingled fund, (5) Robert argues "the evidence reflects,
conclusively, that all community interest in the fund was withdrawn and expended prior to
the divorce proceeding," so the remainder of the annuity is part of his separate estate. 

 To identify the community interest in the settlement fund, Robert relies on the
testimony that all his actual medical expenses incurred during the marriage had been paid. 
That evidence may permit an inference of the value of the past and future medical expense
damages that Robert sought in his petition in the personal injury suit. But that evidence
says little or nothing about the amount, or the proportion of the total settlement, for which
the medical expense claim was settled. See Gleich v. Bongio, 99 S.W.2d 881, 883 (Tex.
1937) (ownership of marital property proportionate to consideration supplied by separate
and community estates). 

 Although Tamela does not challenge Robert's calculation of the value of his claim
for damages for loss of earning capacity during the marriage, his argument concerning the
community interest in the recovery resulting from settlement of that claim suffers from the
same weakness. The value Robert placed on the claim at trial of his divorce does not
demonstrate the amount for which he settled it some four years before.

 The record does not reflect clear and convincing evidence of the allocation of
Robert's settlement among the various elements of damages he asserted. The trial court
did not err in finding that Robert did not overcome the presumption that the remaining
payments due under the annuity were community property. We overrule his first issue and
affirm the judgment of the trial court.


 James T. Campbell

 Justice






1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 
2. The trial court's findings of fact state that the annuity carried minimum guaranteed
payments of $3,141,400. The settlement agreement and annuity provided for Robert's
designation of a beneficiary for the guaranteed payments in the event of his death before
their completion. 
3. The divorce decree dissolved the marriage on the ground of adultery. Robert
acknowledged he had fathered two children by another woman during the marriage.
4. The semiannual annuity payments designated for the benefit of their children were
excepted. Tamela was given control over the payments designated for one of the children,
and Robert given control over those for the other child.
5. Under that presumption, when an account includes both separate and community
funds, we presume the separate funds "sink to the bottom" and that community funds are
withdrawn first. Hill v. Hill, 971 S.W.2d 153, 158 (Tex.App.-Amarillo 1998, no pet.). 
Where the balance did not fall below the amount shown as separate, the spouse has
adequately identified the remaining funds as separate property. Smith v. Smith, 22 S.W.3d
140, 146 (Tex.App.-Houston [14th Dist.] 2000, no pet.); Sibley v. Sibley, 286 S.W.2d 657,
659 (Tex.Civ.App.--Dallas 1955, writ dism'd w.o.j.). We express no opinion on the
application of the community-out-first presumption on these facts.