Deloris White KYLES, Appellant,

v.

Charles H. KYLES, Appellee.

No. 09–91–185 CV.

Court of Appeals of Texas, Beaumont.

June 18, 1992.

Theodore R. Johns, Sr., Beaumont, for appellant.

Andrew L. Jefferson, Jr., Jefferson & Mims, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is a divorce case filed by Deloris White Kyles, appellant, against Charles H. Kyles, appellee. There were no children born to or adopted by the parties during marriage. The trial court dissolved the marriage and awarded various properties to the respective parties. The trial court also filed lengthy Findings of Fact and Conclusions of Law. The primary thrust of appellant's appeal has to do with the trial court's characterization of certain real and personal property, and the division of same.

Appellant contends in her point of error number one that the trial court erred in characterizing as community property certain real property that had been deeded to appellant as her separate property. Appellant contends that the recitals in the deeds created a presumption of separate property

and that there was no evidence, or in the alternative, insufficient evidence to rebut the presumption.

Appellant introduced four deeds into evidence, all of which were deeds executed during her marriage to appellee. Even though appellant makes reference to one of the four deeds, which was a quitclaim deed, appellant makes no specific complaints on appeal regarding this deed; therefore, the trial court's characterization of same as community is sustained.

It appears that appellant's concern focuses on three warranty deeds which were admitted into evidence as Petitioner's Exhibits 10, 11 and 13.

Petitioner's Exhibit 10 is a warranty deed from "Isabella White, a single woman ... for and in consideration of the sum of Ten And No/100—($10.00)—Dollars out of Grantee's separate property and estate ... GRANT, SELL AND CONVEY unto Deloris White Kyles, as her sole and separate property and estate...."

Petitioner's Exhibit 11 is a warranty deed from "Isabella White, a single woman, and Elbert White, a single man ... for and in consideration of the sum of Ten And No/100—($10.00)—Dollars out of Grantee's separate property and estate ... do GRANT, SELL AND CONVEY unto Deloris White Kyles, as her sole and separate property and estate...." Petitioner's Exhibit 13 is a warranty deed reciting that "I, Isabella White, along with the Grantee being the sole heirs of Elbert White, deceased ... for and in consideration of Ten And No/100—($10.00)—Dollars, out of grantee's separate property and estate ... do SELL, GRANT, AND CONVEY unto the above named GRANTEE as her sole and separate property and estate...." Petitioner's Exhibit 13 was executed only by Isabella White. Beneath Isabella White's signature to Petitioner's Exhibit 13, the following words are typed: "ISABELLA WHITE, Along with the Grantee being the sole heirs of Elbert White, Deceased...."

The trial court refused to characterize the properties described in Petitioner's Exhibits 10, 11 and 13 as separate property on several grounds. The trial court found that there was no evidence that appellant had separate funds in her possession to pay the consideration recited in the warranty deeds; that appellant failed to prove that Elbert White, appellant's brother, one of the grantors in one of the deeds to appellant, owned the property conveyed; that appellee did not participate in the transactions conveying this property to appellant; that the trial court was not bound by the recitals in the deeds; that appellant had the burden to prove that the consideration was paid out of her separate funds and finally, that appellant failed to carry her burden of proof to show that the property deeded to her was her separate property.

As a general rule, property conveyed to one spouse during a marriage is presumed to be community property unless that presumption be displaced by a different or contrary presumption that would show that the property so conveyed was in fact, separate property. The recitals in Petitioner's Exhibits 10, 11 and 13 displaced the normal presumption of community property, and creates a new presumption that the property is appellant's separate property. *See Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 904 (Tex.1955); *Little v. Linder,* 651 S.W.2d 895, 898 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). Once these recitals are introduced into evidence, the community property presumption is negated and such recitals become prima facie evidence that the property is separate property. *Henry S. Miller Company v. Evans,* 452 S.W.2d 426, 430–431 (Tex.1970). When this triggering event occurs, the spouse claiming that the property is community, must then come forward with evidence to sufficiently rebut this separate property presumption and a failure to do so conclusively establishes that such property is separate property. *Trawick v. Trawick,* 671 S.W.2d 105, 111 (Tex.App.—El Paso 1984, no writ). According to the trial court's findings of fact, the court, after the presumption of community property was sufficiently rebutted by the introduction of the warranty deeds, found that appellant had failed to offer any evidence to show clearly and convincingly that the subject proper-

ties were acquired by appellant with property owned by her before marriage, given to or inherited by her during the marriage, or derived from the exchange of property acquired in such manner. In other words, as we view it the trial court continued to require appellant to prove the recitals were true, instead of imposing upon appellee the burden of proving that such recitals were false. We hold this to be error. Appellee, a non-participating spouse in the deed transaction, was not precluded from disputing the recital, and had the burden to do so. We believe that the closest appellee came to meeting his burden of proving that such recitals were false, was in showing that appellant could not produce evidence that the stated consideration contained in the deeds came from her separate property. Let us accept as true that appellant could not produce evidence as to where the stated "$10.00" came from. Does this, in and of itself, defeat the transfer by warranty deed of the subject property as appellant's separate property? We think not. When a person conveys property to a natural object of the grantor's bounty, such as a parent to a child, it creates a presumption that the property conveyed is a gift. *Somer v. Bogart*, 749 S.W.2d 202, 204 (Tex.App.—Dallas) *writ denied per curiam*, 762 S.W.2d 577 (Tex.1988) (*opinion on rehearing of denial of writ*); *Equitable Trust Company v. Roland*, 721 S.W.2d 530, 533 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) We quickly admit, however, that this presumption is also rebuttable, but the person claiming that the property was not a gift, must prove lack of donative intent by clear and convincing evidence. *Bogart v. Somer, supra.*

■ In reviewing the relationship between the grantors of the deed and appellant as grantee, we find that in Petitioner's Exhibit 10, Isabella White was appellant's mother. In Petitioner's Exhibit 11, the grantors were Isabella White and Elbert White, being appellant's brother. In Petitioner's Exhibit 13, Isabella White is also grantor. We believe that this sufficiently establishes a presumption of gift and this presumption was not rebutted by any evidence concerning the donative intent on the part of Isabella or Elbert White. From this we conclude that the three general warranty deeds were conclusively established to be the separate property of appellant. We sustain appellant's point of error number one.

In point of error number two, appellant contends that the trial court erred in characterizing the proceeds from a personal injury settlement received by appellee as his separate property. Appellant contends that the proceeds are presumed to be community property and that there is no evidence, or in the alternative, insufficient evidence, to rebut such presumption.

On or about June 26, 1984, while married to appellant, appellee was injured in a car accident. Appellee, husband, filed a lawsuit contending that he suffered various damages from the accident including lost wages and lost earning capacity. Husband eventually settled that lawsuit for $190,000.00.

During the divorce trial, the trial court admitted into evidence Petitioner's Exhibit 3 which is titled, "RELEASE." Petitioner's Exhibit 3 bears no signature on the spaces provided for the signatures of Charles Kyles and Deloris Kyles. Appellant tells us that appellee settled the lawsuit for $190,000.00 and executed a release and refers to Petitioner's Exhibit 3 which as stated, bears no signatures. Appellee, in his brief, makes only a one sentence address to the missing signatures upon the "RELEASE" and states, "Appellant's reliance on the 'Release' is subject to substantial question since the 'Release' is not executed. The record does not contain any executed copy of a 'Release'." The trial court, in its findings of fact and conclusions of law, makes no reference to Petitioner's Exhibit 3. On page two of this five page Exhibit marked "Petitioner's Exhibit 3," we find the following language:

> It is understood and agreed that this is a FULL AND COMPLETE RELEASE, and includes all sums of any kind or character, including by way of illustration, but not by way of limitation: actual damages sustained by claimant; exemplary dam-

ages; medical, hospital, drug, or nursing bills; prosthetic devices; property damages; loss of wages or of profits; ....

The trial court found as a fact that the net settlement resulting from this Release was the amount of $122,330.19 and that at the time of trial, appellee had in his possession the sum of $69,000.00 of that settlement amount. The trial court also found that no part of such settlement funds were paid to appellee as a recovery for the loss of earning capacity, medical expenses or property damage during marriage.

■ All property possessed during marriage or on dissolution of marriage is presumed to be community property and the party claiming that such property is separate, must prove so by clear and convincing evidence. TEX.FAM.CODE ANN. § 5.02 (Vernon's Supp.1991). Thus, appellee has the burden of proving that the original settlement was his separate property in order to prove that the $69,000.00 remaining is indeed and in fact, his separate property.

At trial, counsel for appellant, Deloris Kyles, offered into evidence Petitioner's Exhibits 1 through 5, same being admitted by the trial court without objection from opposing counsel. Regarding Petitioner's Exhibit 3, we observe the following questions and answers:

Q. Number 3 is the Release. Do you recall that? That's an instrument that you had to sign, Mr. Kyles. I think it is the one about which you and Deloris gave up all your rights and claims to that suit.

Do you recall signing that, if you can identify that as an instrument that you signed to settle that lawsuit.

A. I signed one to release the trucking company.

Q. All right.

Is that it, a copy of it?

A. I don't know. I signed a release if that's what you are asking me.

Q. All right.

We are hard put from the record to find clear and convincing evidence proffered by appellee to rebut the presumption that the settlement proceeds were community property. Without evidence to the contrary, it must be presumed that at least some of the settlement proceeds were attributable to lost wages or lost earning capacity which are community property. The only evidence we can find from the record which comes close to addressing the issue, comes from appellee's testimony that it was his understanding that the entire settlement was for personal injuries and nothing else. However, in earlier testimony, appellee testified as follows:

Q. How much of that settlement was due to your lost wages in income?

A. I don't know.

Q. Some of it was, was it not?

A. It would have to be. It wasn't spelled out how much.

....

Q. You couldn't say one way or the other? You couldn't deny it, part of it was for lost wages?

A. I still don't know.

■ Since appellee did not prove what amount, if any, of the settlement proceeds were separate or community property, it must be conclusively presumed that the entire proceeds are community property. When a spouse receives a settlement from a lawsuit during marriage, some of which may be separate property and some of which may be community property, it is the spouse's burden to demonstrate what portion of the settlement is his separate property. *Moreno v. Alejandro*, 775 S.W.2d 735, 738 (Tex.App.—San Antonio 1989, writ denied). This Court has previously held that a spouse that receives a settlement arising out of a personal injury has a burden to show what portion of the recovery is his separate property. When some of the settlement may be for lost wages or lost earning capacity, the spouse who receives the settlement has the burden to show that none of the funds constitute payment for lost wages or lost earning capacity during marriage. In the absence of such evidence, the entire settlement proceeds are properly characterized as community property. *York v. York*, 579 S.W.2d 24, 25–26 (Tex. Civ.App.—Beaumont 1979, no writ), *see also, Patt v. Patt*, 689 S.W.2d 505, 509–510

(Tex.App.—Houston [1st Dist.] 1985, no writ).

 In sustaining appellant's point of error number two, we hold that the trial court erred in its findings and conclusions that the settlement proceeds from the injury suffered by appellee constituted his separate property. The record offers no clear and convincing evidence what portion of the settlement, if any, is for personal injuries or what part is for lost wages or lost earning capacity. The most favorable evidence produced by appellee was the self-serving statement that it was his "understanding" that all the proceeds were for personal injuries. Such evidence standing alone does not overcome the presumption of community property. Appellant's point of error number two is sustained.

 We also sustain appellant's point of error number three which alleges trial court error in characterizing the property purchased by appellee with the proceeds of the settlement for appellee's personal injury. Subsequent to the settlement of appellee's personal injury case, appellee purchased real property at 655 South 16th Street in Silsbee, Hardin County, Texas. The property was purchased with the proceeds of a loan made at Silsbee State Bank on February 23, 1987, and the payment of the note was secured with a $50,000.00 certificate of deposit which was made up of proceeds from appellee's personal injury settlement. The original loan was eventually paid off with proceeds from the settlement. Our sustaining of appellant's point of error number two of necessity and for consistency, requires us to sustain point of error number three, since we have determined that the proceeds from the personal injury settlement constituted community property. Appellee, in his brief, agrees that a debt acquired during the marriage is presumed to be a community debt. Appellee further contends, however, that if there is proof that the lender agreed to look only to the separate property of one spouse, the presumption is rebutted. That may well be the case, but that position becomes moot by our determination that the proceeds securing the loan from Silsbee Bank were community property. Appellant's point of error number three is sustained.

Appellant's final point of error says that the trial court abused its discretion in dividing the community estate because the division is so unequal as to be manifestly unjust. We believe that this point is now moot as a result of our holdings on points of error one, two and three.

This case is hereby reversed and remanded to the trial court for further proceedings on the division of the parties' estate in view of and in conformity with our holding on those matters before this Court.

REVERSED AND REMANDED.