NO. 07-11-00223-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 21, 2013

_____

IN THE MATTER OF THE MARRIAGE OF ELIZABETH
JANE BRENT AND ROBERT PRICE BRENT, IV AND IN
THE INTEREST OF P.B., A CHILD

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 77,386-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In this appeal arising from their suit for divorce, appellant Robert Price Brent IV (husband) complains of an award on a promissory note in favor of appellee, Elizabeth Jane Brent (wife). By cross-appeal, wife challenges the amount of prejudgment interest awarded in her favor on the note. We will affirm the judgment of the trial court.

Background

In the divorce proceeding, wife sought a partial summary judgment that a promissory note made payable to her by husband was her separate property and was due. She requested judgment awarding her as her separate property the full principal amount of the note with interest and attorney's fees. In support of the motion, wife filed

her affidavit with a copy of the note attached.  On its face, the note was for the principal sum of $1,079,800 with interest at five percent per annum and eighteen percent on any matured but unpaid balance.  Absent prior demand, the note matured on March 10, 2006.  The note contained the following provision:

> ***Separate Property.***  [Husband] acknowledges that the money being loaned to him by [wife] is the separate property of [wife] and is being loaned to him to pay debts which are the separate debts and obligations of [husband] and not community debts.  These debts which [husband] is paying with the proceeds from this Note represent $750,000 owed to cattle order buyers, $173,000 paid to Lubbock Feeders and $156,800 paid to PNB Financial and Bob Brent III for an overdraft at PNB Financial.

The trial court signed an interlocutory order partially granting wife's motion.  That order decreed that wife recover from husband as her separate property $1,241,000, with interest at eighteen percent per annum from March 10, 2006, until final judgment.  It left for resolution on final trial the amount of post-judgment interest and attorney's fees due wife from husband.

The remaining issues arising in the case were tried to the court.  The resulting final decree recites that a reporter's record of the proceeding was made, but a transcription is not included in the record on appeal.  In a paragraph entitled "summary judgment against respondent and severance of judgment," the decree recites the interlocutory order on summary judgment was "incorporated herein as follows."  The decree then provides that wife recover from husband as her separate property the sum of $1,375,912.46 "being principal of $883,095.58 plus prejudgment interest of $492,006.88, with post-judgment interest at the rate of eighteen (18) percent per annum

2

from the date of this judgment." The court also awarded attorney's fees. Findings of fact and conclusions of law were not filed. This appeal followed.

Analysis

Husband's Appeal

Through three issues husband argues the trial court erred in granting partial summary judgment in favor of wife. Specifically, he contends issues of material fact exist as to the note's enforcement and terms, wife did not overcome the presumption that the note was community property, and there was no evidence of a partition of the note and underlying debt.

We review a trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005). A movant, on a traditional motion for summary judgment on affirmative claims, bears the initial burden of showing its entitlement to judgment as a matter of law by conclusively proving each element of its cause of action. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Only if the movant satisfies this burden does the burden shift to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Id.*

"Once the trial court disposes of all parties and claims, the trial court's preceding interlocutory judgments or orders are merged into the final judgment whether or not the interlocutory judgments or orders are specifically named within the final judgment." *In re Guardianship of Miller III,* 299 S.W.3d 179, 184 (Tex.App.--Dallas 2009, no pet.). When a final judgment is inconsistent with a prior interlocutory order on summary judgment, the final judgment sets aside the interlocutory order as only one final judgment may be

3

entered in a case. *Dickson & Assocs v. Brady,* 530 S.W.2d 886, 887 (Tex.Civ.App.--Houston [1st Dist.] 1975, no writ).

We will discuss husband's first and second issues jointly. By his second issue, husband asserts wife's summary judgment evidence did not overcome the presumption that the note was community property and the debt it evidenced was a "community debt." Property possessed by either spouse during marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 2006); *Fillingim v. Fillingim,* 332 S.W.3d 361, 363 (Tex. 2011). This presumption is rebuttable by clear and convincing evidence to the contrary. Tex. Fam. Code Ann. § 3.003 (West 2006).

In the note, husband unequivocally recited the money he borrowed from wife, as evidenced by the note, was her separate property. This recitation sufficiently rebuts the presumption of community property and creates a new presumption that the funds loaned by wife to husband were wife's separate property. *Kyles v. Kyles,* 832 S.W.2d 194, 196 (Tex.App--Beaumont 1992, no pet.) (recitations of separate property character in deeds displaced community presumption and created new presumption of separate property) (citing *Henry S. Miller Company v. Evans,* 452 S.W.2d 426, 430-31 (Tex. 1970)); *Licata v. Licata,* 11 S.W.3d 269, 274 (Tex.App--Houston [14th Dist.] 1999, pet. denied) (applying holding regarding new presumption of separate property to settlement proceeds based on recitations in settlement documents); *see Henry S. Miller Company,* 452 S.W.2d at 430-31 (because of recitals in deed that land was conveyed to wife as her sole and separate property and consideration was from her separate estate, no community presumption existed). The recital in the note of separate property was prima facie evidence that the money loaned, as evidenced by the note, was the separate

4

property of wife. *See Licata,* 11 S.W.3d at 274 (citing *Kyles,* 832 S.W.3d at 196); *Henry S. Miller Company,* 452 S.W.2d at 430 (separate property character recitals in deed to wife established prima facie defense of separate property). *Cf. Kahn v. Kahn,* 94 Tex. 114, 58 S.W. 825, 825-26 (1900) (absent proof of fraud or mistake husband bound by recitals in his deed to wife regarding payment of consideration by wife from separate funds); *Roberts v. Roberts,* 999 S.W.2d 424, 432 (Tex.App.--El Paso 1999, no pet.) (similarly stating rule).

With the recitals in his promissory note to wife, the burden then shifted to husband to come forward with more than a scintilla of evidence tending to rebut the separate property presumption. *Licata* 11 S.W.3d at 274; *see Landaverde v. Estate of Abedinzadeh,* No. 14-11-0143-CV, 2011 Tex. App. Lexis 8668, at *4-5 (Tex.App.--Houston [14th Dist.] Nov. 1, 2011, no pet.) (on summary judgment party resisting a presumption must produce evidence sufficient to neutralize effect of presumption in order for case to proceed to trial). Absent such evidence, the separate property presumption becomes conclusive. *See Licata,* 11 S.W.3d at 274 (citing *Kyles,* 832 S.W.2d at 196).

Finding wife met her summary judgment burden, we look to whether husband presented evidence sufficient to raise a question of fact. In his first issue, husband asserts material issues of fact preclude the grant of summary judgment. His specific complaint is the trial court erred in sustaining wife's two objections to his summary judgment evidence and overruling one of his objections to wife's summary judgment evidence. Husband concludes that had the trial court ruled correctly on these

5

objections, an issue of fact precluding summary judgment would exist as to the proper characterization of the note, its terms, and its enforceability.

Like other evidentiary rulings, a trial court's determination of an objection to summary judgment evidence is reviewed for abuse of discretion. *Paciwest, Inc. v. Warner Alan Props, LLC,* 266 S.W.3d 559, 567 (Tex.App.--Fort Worth 2008, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Cire v. Cummings,* 134 S.W.3d 835, 838-39 (Tex. 2004). To obtain reversal, an appellant must show harmful error, that is, it was calculated to cause and probably did cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). Ordinarily, harmful error does not occur in the admission or exclusion of evidence unless the appellant shows the case turns on the complained-of evidence. *Doncaster v. Hernaiz,* 161 S.W.3d 594, 601 (Tex.App.--San Antonio 2005, no pet.)

Husband complains of two rulings to objections lodged by wife. First, wife objected to six paragraphs in husband's summary judgment affidavit on the ground that the testimony violated the parol evidence rule. In the challenged testimony, husband asserted that the three debts he specifically identified in the note were actually for "community expenses," were paid with community funds, and "were not an obligation of [his] separate estate." Second, wife objected to husband's offer of excerpts from her deposition testimony in another proceeding. Through the objected-to testimony, husband contends, wife acknowledged that the funds advanced under the note were used to satisfy "debts and obligations of herself, her husband, and [a business]." The trial court sustained these objections.

6

Even were we to assume the trial court erred in sustaining wife's two objections, the error was not harmful. The characterization of the note as separate or community property is determined by the inception of title rule. Tex. Fam. Code Ann. § 3.006 (West 2006). As executed and delivered, the note with its recitals raised the presumption that the funds advanced, and thus the note representing those funds, was the separate property of wife. The uses to which husband later put the funds are not pertinent to the note's characterization.

Husband also argues the trial court erroneously overruled his objection to wife's statement in her affidavit that the note was "due and payable to me as my separate property." His complaint is the statement characterizing the note as her separate property is an improper factual or legal conclusion. We are unable to say the trial court abused its discretion by this ruling since the summary judgment record contains the note bearing husband's recitation that the money he borrowed from wife was her separate property. *See Haynes v. City of Beaumont,* 35 S.W.3d 166, 178 (Tex.App.--Texarkana 2000, no pet.) (noting a conclusory statement is one lacking the underlying facts to support the conclusion).

Through a sub-issue under his second issue, husband argues that wife did not offer evidence sufficient to overcome a presumption that the debt evidenced by the note is a "community debt." Citing among other cases *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex. 1975), husband asserts that debts contracted for during marriage are presumed obligations of the community, unless it is shown the creditor

agreed to look solely to the separate estate of the contracting spouse for satisfaction.[1] We find the analysis called for by *Cockerham* inapplicable to this case. First, husband does not cite us to authority applying *Cockerham*'s presumption of "community debt" to an obligation running from one spouse to another. And second, we have determined that, with regard to the characterization of the note in this case as separate or community property, its language gives rise to the opposite presumption, that is, a presumption it is wife's separate property. For both those reasons, we will not extend the application of *Cockerham*'s presumption to this inter-spousal debt.

Moreover, because the note is an obligation of husband, incurred during the marriage, to repay money to wife as her separate property, the import of husband's contention the note reflects a "community debt" is unclear. Husband does not contend that the note was a sham, or the result of fraud, duress or mistake. The foundation of husband's complaint is the court's failure to allocate the debt in its division of the community estate.

---

[1] The continued application of that holding of *Cockerham* has been criticized as directly contrary to the spousal liability and marital property liability rules stated in the Family Code. *See* Tex. Fam. Code Ann. § 3.201 (West 2006), § 3.202 (West Supp. 2012); James W. Paulsen, *The Unsecured Creditor's Post-Divorce Claim to Former Community Property,* 63 Baylor L. Rev. 781, 807 (2011) ("In Texas, debts are incurred by the husband, by the wife, or by both spouses. Debts are not incurred by some invisible entity called 'the community'"); Thomas M. Featherston, Jr., *Marital Property Liabilities: Dispelling the Myth of the Community Debt,* State Bar of Texas, Advanced Estate Planning & Probate Course, 9 (2009); *see generally In re Trammell,* 399 B.R. 177, 184-89 (Bankr. N.D. Tex. 2007) (discussing authorities and seeking to harmonize "facially conflicting case law . . . with regard to the application of the *Cockerham* test after the enactment of Section 3.201"). Some Texas courts nonetheless continue to recognize it. *See, e.g., Gardner Aldrich, LLP v. Tedder,* No. 02-10-00115-CV, 2011 Tex. App. Lexis 6399, at *14-15 (Tex.App.--Fort Worth Aug. 11, 2011, pet. granted).

Because the record does not contain a reporter's record and findings of fact and conclusions of law, we have no certainty of what transpired vis-à-vis the note during the bench trial. From the parties' briefing, we are given to understand that issues regarding "offsets" to the note were tried to the bench. Whether by offset or for other reason, it is apparent the trial court reduced the principal balance due wife on the note by some $196,704.

In the absence of findings of fact and conclusions of law, we infer the trial court made all findings necessary to support its judgment. *See, e.g., Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992); *In re C.K.H. and K.D.H.,* No. 02-09-257-CV, 2010 Tex. App. Lexis 7270, at *3 (Tex.App.--Fort Worth Aug. 31, 2010, no pet.) (mem. op.); *Linton v. Linton,* No. 03-09-00057-CV, 2010 Tex. App. Lexis 5800, at *7 (Tex.App.--Austin July 22, 2010, no pet.) (mem. op.). And without a reporter's record we must presume sufficient evidence supports the trial court's decision. *See, e.g., In the Interest of B.D.,* No. 11-10-0176-CV, 2011 Tex. App. Lexis 5643, *4 (Tex.App.--Eastland July 21, 2011, no pet.) (per curiam, mem. op.); *Heibisen v. Clear Creek Indep. Sch. Dist.,* 217 S.W.3d 527, 537 (Tex.App.--Houston [14th Dist.] 2006, no pet.). We may not engage in speculation over the effects, if any, on the trial court's final judgment of its failure to find that husband's debt to wife reflected in the note was a "community debt."

For all these reasons, we overrule husband's first and second issues.

By his third issue, husband argues wife did not present summary judgment evidence of an agreement to partition the note into separate property. *See* Tex. Fam.

9

Code Ann §§ 4.102, 4.104 (West 2006). The issue is conditioned, however, on a contention wife failed to rebut the community property presumption. Our conclusion the note was presumptively wife's separate property requires that we overrule husband's third issue.

Having overruled each of husband's issues, we conclude the trial court did not err in rendering judgment for wife on the note.

Cross-Appeal of Wife

By a single issue on cross-appeal, wife asserts the trial court failed to award her the full amount of prejudgment interest required by the note. She asks us to reverse the trial court's calculation of prejudgment interest and render judgment for prejudgment interest on the note "as provided by the note."

According to wife's calculations, she was entitled to recover prejudgment interest in the amount of $926,876.46 rather than the sum of $492,006.88 awarded in the decree. The substance of her argument on appeal is "perhaps" the trial court concluded "that interest that was earned but unpaid was community property--under the notion that income upon separate property is community property." Citing *Hall v. Hall,* wife then advances the claim that "when a husband borrows money from his wife and agrees to pay her interest, the effect of the contract is to make the interest her separate property." 52 Tex. 294, 299-300 (1879). Husband responds that the trial court did not err by treating accrued interest on the note as community property.

As we have noted, we are told in briefing that the court addressed "offsets" to the note during its bench trial, but the absence from the appellate record of a reporter's

record and findings of fact and conclusions of law leaves us without means to understand the effect of the bench trial on the court's ultimate judgment. As noted also, however, the principal amount of the final judgment's award to wife is some $196,704 less than the amount stated in the order granting partial summary judgment to wife.

While it might seem a good guess that the trial court undertook a just and right division of accrued prejudgment interest on the note as community property, such a conclusion is contrary to findings expressed in the judgment. In any event, we will not speculate over the evidence presented at trial in conjunction with the note and in particular the calculation of interest. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (noting in absence of findings of fact and conclusions of law, appellate court implies trial court made all findings necessary to support judgment); *In re Spiegel,* 6 S.W.3d 643, 646 (Tex.App.--Amarillo 1999, no pet.) (without reporter's record, appellate court does not know what, if any, evidence was presented to the trial court, and must presume evidence supports its ruling). Wife's single issue on cross-appeal is overruled.

Conclusion

Having overruled husband's three issues on appeal as well as the sole issue brought by wife on cross-appeal, we affirm the judgment of the trial court.


James T. Campbell
Justice

11