**AFFIRM; and Opinion Filed July 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00601-CV

## IN THE INTEREST OF L.M., D.M., AND J.M., CHILDREN

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-23631**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Thomas[1]
Opinion by Justice Thomas

In this divorce case, Wife appeals the trial court's judgment dividing the marital estate.

Shortly before trial, Husband and Wife reached an agreement regarding conservatorship of the

children. They did not, however, agree as to the division of property, and in particular, about

Father's claim for reimbursement of certain separate property. In a single issue, Wife contends

the trial court erred by finding certain proceeds of a settlement were Husband's separate property

and ordering reimbursement to his separate estate. We overrule Wife's issue and affirm the trial

court's judgment.

## Background

Husband and Wife were married for eighteen years and had three children. After getting

married, they lived in California in a condominium they purchased together. While they were

---

[1] The Hon. Linda Thomas, Chief Justice (Ret.), Assigned

living in California, Husband was seriously injured in a car accident. Husband testified he had to have "plates in [his] face . . . eleven implants in [his] mouth, and . . . [his] right arm was almost severed, and it had to be put back together." As a result of that accident, Husband is permanently disabled and receives disability. Husband also received $915,928 in settlement proceeds "for his injury" and "because of the future, for [Husband] to have that money to live on." He received the money from his lawyer in two payments, both of which he deposited into a separate account in his name. Wife received $190,000 in settlement proceeds, which she deposited into a separate account in her name. According to Wife, her settlement proceeds were for loss of consortium. The record does not contain a copy of the settlement agreement, and Wife's counsel stated that although both counsel had tried to obtain a copy of a settlement agreement, one was never prepared.

After receiving the settlement proceeds, Husband and Wife purchased a second condominium. According to Husband, they paid $57,000 for the second condo. Husband contributed $50,000 toward the purchase price from settlement proceeds and Wife contributed the remaining $7000 from her settlement proceeds.

In 2011, Husband and Wife moved to Texas. They bought a home and Husband paid $203,353.57 for a down payment. Husband testified the down payment was made from his settlement proceeds account.

After hearing this and other evidence, the trial court ordered, among other things, that the Texas house be sold, and the net proceeds to be "divided 50/50 after Husband is reimbursed $203,353.57 of his separate property funds from the recovery for personal injuries sustained by [Husband] during the marriage." The trial court also ordered that the money held in trust from the sale of the California condominiums be divided "50/50 after [Husband] is reimbursed $50,000 of his separate property funds from the recovery for personal injuries sustained by [Husband] during

the marriage, and [Wife] is reimbursed $7000 of her separate property funds from the recovery for personal injuries sustained by [Husband] during the marriage." This appeal followed.

## Discussion

In general, property possessed by either spouse during or on dissolution of marriage is presumed to be community property, absent clear and convincing evidence to the contrary. *See* TEX. FAM. CODE ANN. § 3.003 (West 2006). A spouse's separate property includes "recovery for personal injuries sustained by the spouse during marriage, except for any loss of earning capacity during marriage." *Id*. § 3.001(3). In addition to the statutory exception for loss of earning capacity, courts have treated amounts recovered for medical expenses as community property. *See Graham v. Franco*, 488 S.W.2d 390, 396 (Tex. 1972) (characterizing amounts recovered for payment of medical expenses as community property because payment of such expenses "is the burden of the community"). In contrast, amounts recovered for disfigurement, past and future mental anguish, and past and future physical pain and suffering are considered separate property. *See Harrell v. Hochderffer*, 345 S.W.3d 652, 657 (Tex. App—Austin 2011, no pet.); *Licata v. Licata*, 11 S.W.3d 269, 273 (Tex. App—Houston [14th Dist.] 1999, pet. denied).

When, as here, a spouse receives a personal-injury settlement from a lawsuit during marriage, some of which could be separate property and some of which could be community property, it is that spouse's burden to demonstrate which portion of the settlement is his or her separate property. *Harrell*, 345 S.W.3d at 657; *Licata*, 11 S.W.3d at 273. Clear and convincing evidence showing the recovery is solely for the personal injury of a particular spouse is necessary to overcome the presumption that the settlement proceeds represent community property. *Harrell*, 345 S.W.3d at 657.

The record in this case shows Husband and Wife settled with an unknown third party for injuries Husband suffered in an automobile accident. Husband received $915,928 which he

deposited into a separate account and Wife received $190,000, which she deposited into a separate account. However, the record does not contain a settlement agreement segregating the amounts awarded to them as individuals. Nor does the testimony at trial clearly characterize the amount of money that was awarded to Husband for disfigurement, past and future mental anguish, or past and future physical pain and suffering. Because Husband failed to show by clear and convincing evidence the amount of the settlement that was solely for his personal injury, he has failed to overcome the presumption that all property received during marriage is community property and the trial court erred in concluding otherwise. *See* TEX. FAM. CODE ANN. § 5.02 (West 2006); *Kyles v. Kyles*, 832 S.W. 2d 194, 198 (Tex. App—Beaumont 1992, no pet.).

Our determination that the trial court erred, however, does not end our inquiry. We employ a two-part test when reviewing alleged characterization of property errors. *Matter of Marriage of Harrison*, No. 14-15-00430-CV, 2018 WL 2926268, at * 31 (Tex. App.—Houston [14th Dist.] June 12, 2018, n.p.h..) (op. on reh'g). Under this test, Wife must show both a characterization error and harm—*i.e*., a division or an order that is manifestly unjust and unfair. *See id*. Thus, we need not reverse a trial court's division of property when the party claiming a mischaracterization fails to show how the erroneous characterization of community property as separate property caused the trial court to abuse its discretion in dividing the marital estate. *See id*. (to determine whether the trial court divided the community estate in a "just and right" manner, we must have the trial court's findings on the value of those assets and in their absence appellant does not make requisite showing); *Lynch v. Lynch*, 540 S.W.3d 107, 133 (Tex. App.—Houston [1st Dist.] 2017, pet. filed) (error regarding mischaracterization overruled because husband failed to show how erroneous characterization caused trial court to abuse its discretion in overall division of community estate, nor that mischaracterization had more than de minimus effect on just and right division of the community estate); *Palaez v. Juarez*, No. 04-14-00022-CV, 2014 WL 7183483, at *4 (Tex. App.—

–4–

San Antonio Dec. 17, 2014, pet. denied) (mem. op.) (refusing to reverse husband's mischaracterization issue because husband did not attempt to show how mischaracterization caused trial court to err in overall division of community estate); *In re Marriage of McNelly*, No. 14-13-00281-CV, 2014 WL 2039855, at *7 (Tex. App.—Houston [14th Dist.] May 15, 2014, pet. denied) (mem. op.) ("Mischaracterization of community property as separate property is harmful and requires reversal only if the mischaracterization affects the just and right division of the community estate.").

To determine whether the trial court divided the community estate in a "just and right" manner, we must have the trial court's findings on the value of those assets. *Harrison*, 2018 WL 2926268, at * 31. "Without findings of fact, we do not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received." *Id*.

Here, Wife does not attempt to show that the characterization error resulted in harm, nor do we have the benefit of any finding of facts or conclusions of law. Thus, we do not know the value the trial court assigned to each community asset or liability, the value of the community property, or the factors the trial court considered in dividing the marital estate. Because we have no findings of fact, we have no way to determine whether the mischaracterization of Husband's down payment on the California condominium or the Texas house led to a division of the marital estate that was not just and right. In short, because Wife failed to establish that the trial court abused its discretion in dividing the marital estate, we overrule her sole issue.

Accordingly, we affirm the trial court's judgment.

/Linda Thomas/
LINDA THOMAS
JUSTICE, ASSIGNED

170601F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF L.M., D.M., AND
J.M., CHILDREN

No. 05-17-00601-CV

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-14-23631.
Opinion delivered by Justice Thomas. Chief
Justice Wright and Justice Francis
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Alfred J. McClought recover his costs of this appeal from appellant Mitzy Lomack.

Judgment entered this 27th day of July, 2018.