

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00077-CV

---

IN THE MATTER OF THE MARRIAGE OF
VICTORIA NICOLE USTANIK AND ANTHONY MICHAEL-ROSS USTANIK
AND IN THE INTEREST OF H.E.U. AND J.M.U., CHILDREN

---

On Appeal from the 18th District Court
Johnson County, Texas
Trial Court No. DC-D202101006

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Anthony Michael-Ross Ustanik appeals a final decree divorcing him from Victoria Nicole Ustanik. In his sole point of error, Anthony argues that he received, as a gift from his parents, the land on which the marital home was built and that, as a result, the trial court mischaracterized the marital home as community property.[1] Based on the unambiguous language of the general warranty deed executed during the marriage, the trial court found that Anthony did not meet his burden to rebut the community property presumption. Because we agree with the trial court, we affirm the trial court's judgment.

## I.     The Relevant Facts

Anthony and Victoria were married on July 17, 2010. During the marriage, Anthony acquired property located at 4833 East Renfro Street, Alvarado, Texas (the Property), from his parents, Mike and Teresa Ustanik. The original deed to the Property was filed with the county clerk on October 29, 2014. It was labeled as a warranty deed, listed Mike and Teresa as grantors, and recited that "ANTHONY USTANIK, A MARRIED PERSON," was the grantee. The original deed stated that consideration of $10.00 "and other good and valuable consideration" had been made to acquire the Property. It further stated, "Grantor, for the consideration . . . , grants, sells, and conveys to Grantee the property." On February 9, 2015, a "Correction" warranty deed was "re-recorded to correct [the Property's] legal description," but nothing else was changed.

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

At trial, Victoria testified that $1,750.00 was paid to Anthony's parents for the Property's conveyance from a joint bank account.[2] Anthony denied this, and both Anthony and Mike testified that only $10.00 was paid in consideration for the Property. Victoria and Anthony were both listed on the construction loan application obtained to build the marital home on the Property, and their application reflected that title would be held "Jointly with Spouse."

Anthony claimed the Property as his separate property, characterized it as his "inheritance," and said his "family had always planned on giving [him] an acre of land." Anthony, Mike, and Teresa testified that other family members owned ninety acres of land in the area and that, to keep the family close together, the Property was intended to be a gift to Anthony. Mike added that the original and correction deeds (collectively the Deeds) intentionally left off Victoria's name because he and Teresa wanted to gift the Property to Anthony "as like an early inheritance."

After hearing this evidence, the trial court found that the Deeds were unambiguous and did not reflect any intent to gift the Property. The trial court further found that parol evidence suggesting that the Property was a gift was barred by the four corners of the Deeds.[3] As a result, the trial court concluded that Anthony had failed to rebut the community property presumption.

## II. Standard of Review

"The Texas Family Code requires the trial court to divide a marital estate in a 'just and right' manner, considering the rights of the parties." *In re Marriage of Moncey*, 404 S.W.3d 701,

---

[2]Victoria introduced a joint bank account statement showing that a $1,750.00 check was written on the day after a survey on the Property was completed, but the bank statement failed to list the payee of the check.

[3]The trial court wrote, "[Anthony] may wish that the language of the deed was different now . . . ; however, that does not open the instrument to second guessing by the Court."

706 (Tex. App.—Texarkana 2013, no pet.) (citing TEX. FAM. CODE ANN. § 7.001); *see Scott v. Scott*, 805 S.W.2d 835, 841 (Tex. App.—Waco 1991, writ denied). "Trial courts can only divide community property, and the phrase 'estate of the parties' encompasses the community property of a marriage . . . ." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (per curiam).

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM. CODE ANN. § 3.003(a). To rebut this presumption, the person seeking to prove the separate character of the property must do so by clear and convincing evidence.[4] TEX. FAM. CODE ANN. § 3.003(b). Separate property is the property owned before marriage as well as "property acquired . . . during marriage by gift, devise, or descent." TEX. FAM. CODE ANN. § 3.001. All other property belonging to the parties that is not separate property is community property. TEX. FAM. CODE ANN. § 3.002. "Any doubt as to the character of property should be resolved in favor of the community estate." *In re Marriage of Price*, No. 10-14-00260-CV, 2015 WL 6119457, at *7 (Tex. App.—Waco Oct. 15, 2015, no pet.) (mem. op.).

"The characterization of property as either community or separate is determined by the inception of title to the property." *Id.* at *6; *see In re Marriage of Taylor*, No. 06-14-00061-CV, 2015 WL 428121, at *3 (Tex. App.—Texarkana Feb. 3, 2015, no pet.) (mem. op.) (citing *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001)). "Inception of title occurs when a party first has a

---

[4] "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

right of claim to the property by virtue of which title is finally vested." *In re Marriage of Price*, 2015 WL 6119457, at \*6.

"In order to overcome the community presumption, the burden is on the spouse claiming certain property as separate to trace and clearly identify the property claimed to be separate." *Id.* at \*7 (citing *Estate of Hanau v. Hanau*, 730 S.W.2d 663, 667 (Tex. 1987)); *see Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex. 1975).

### III.  Anthony Did Not Meet His Burden to Rebut the Community Property Presumption

Because the Property was acquired during the marriage, Anthony bore the burden to show that the marital home was his separate property. *See* TEX. FAM. CODE ANN. § 3.003(b). Anthony argues that he accomplished this feat because the Deeds were "gift deeds" and created a presumption that the Property was a gift. We disagree.

Our analysis requires us to first review the language of the Deeds. "The construction of an unambiguous deed is a question of law for the court," which we review de novo. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017) (quoting *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991)). "When construing an unambiguous deed, our primary duty is to ascertain the intent of the parties from all of the language within the four corners of the deed."[5] *Id.* (citing *Luckel*, 819 S.W.2d at 461). "What controls is the intent that was actually expressed in the language of the deed, not what the parties privately intended but failed to express." *Aaron v. Fisher*, 645 S.W.3d 299, 307 (Tex. App.—Eastland 2022, no pet.).

---

[5]Anthony advances no appellate argument alleging that the Deeds are ambiguous. After reviewing the Deeds, we agree with the trial court's conclusion that they are unambiguous.

"A gift is a voluntary transfer of property to another made gratuitously and without consideration." *Lopez v. Lopez*, 271 S.W.3d 780, 788 (Tex. App.—Waco 2008, no pet.). The original and correction deeds contain no language indicating that the Property was given to Anthony as a gift. Instead, they recite that consideration was exchanged and that, "for the consideration," the Property was granted, sold, and conveyed to Anthony.[6]

Even so, in support of his argument that the Deeds created a presumption of gift, Anthony cites to *Kyles v. Kyles*, 832 S.W.2d 194 (Tex. App.—Beaumont 1992, no pet.), but his reliance on that case is mistaken. In *Kyles*, three deeds conveying property to the wife during the marriage contained separate property recitals specifying that the property was being conveyed as the wife's "sole and separate property."[7] *Id.* at 196. The Beaumont Court of Appeals correctly concluded that those separate property recitals "displaced the normal presumption of community property, and create[d] a new presumption that the property [wa]s [the wife']s separate property." *Id.* (citing *Hodge v. Ellis*, 277 S.W.2d 900, 904 (Tex. 1955)); *see In re Marriage of Nash*, 644 S.W.3d at 702–03; *see also In re Marriage of Crist*, 661 S.W.3d 623, 627–28 (Tex. App.—El Paso 2023, no pet.) (discussing the separate property recitals). Here, however, a plain reading of the Deeds reveal that there was no separate property recital and that, as a result, the normal presumption of community property prevailed, even if Victoria was not named as a grantee, because the Property was acquired during the marriage and "the community

---

[6]There was no evidence that the consideration paid by Anthony came from his separate property funds.

[7]"A 'separate property recital' is a recital in an instrument that the consideration comes from the separate property of a spouse or that the property is transferred to a spouse as the transferee's separate property or for the transferee's separate use." *In re Marriage of Nash*, 644 S.W.3d 683, 703 (Tex. App.—Texarkana 2022, no pet.) (quoting *Cardenas v. Cardenas*, No. 13-16-00064-CV, 2017 WL 1089683, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2017, no pet.) (mem. op.)).

6

presumption is not contradicted by legal title in just one spouse." *In re Marriage of Nash*, 644 S.W.3d at 700 (quoting *Tipps v. Chinn Expl. Co.*, No. 06-13-00033-CV, 2014 WL 4377813, at *2 (Tex. App.—Texarkana Sept. 5, 2014, pets. denied) (mem. op.)).

Next, Anthony argues that the community presumption was rebutted by testimony at trial stating that the Property was a gift from his parents. Yet, "parol evidence is not admissible to contradict the recital of consideration in a deed if a party seeks to prove that the deed is actually a 'gift' deed." *Aaron*, 645 S.W.3d at 307 (citing *Johnson v. Driver*, 198 S.W.3d 359, 363–64 (Tex. App.—Tyler 2006, no pet.); *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex. App.—Houston [1st Dist.] 1991, writ denied)); *see Scott v. Scott*, No. 04-17-00155-CV, 2018 WL 2694817, at *2 (Tex. App.—San Antonio June 6, 2018, no pet.) (mem. op.). This is because, when we can ascertain the parties' intent from the language of the deed, "that should [generally] be the end of our analysis." *Wenske*, 521 S.W.3d at 794.

We find that the trial court was correct in determining that the community property presumption prevailed because Anthony failed to rebut it with clear and convincing evidence. As a result, we overrule Anthony's sole point of error.

## IV.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:     May 17, 2023
Date Decided:       May 24, 2023

7